AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 1012, AFL–CIO, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 87–1091.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 26, 1988.

Decided March 29, 1988.

Judith D. Galat, with whom Mark D. Roth and Charles A. Hobbie, Washington, D.C., were on the brief, for petitioner.

Elsa D. Newman, Atty., Federal Labor Relations Authority, with whom Ruth E. Peters, Sol., William E. Persina, Deputy Sol., and Arthur A. Horowitz, Associate Sol., Federal Labor Relations Authority, Washington, D.C., were on the brief, for respondent.

Before EDWARDS, BUCKLEY and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

This petition for review presents a challenge by the American Federation of Government Employees, Local 1012, AFL–CIO ("AFGE" or "Union") to a decision and order of the Federal Labor Relations Authority ("FLRA" or "Authority"). AFGE claims that the FLRA erred in holding that the Veterans Administration ("VA") did not violate the Federal Service Labor–Management Relations Statute ("FSLMRS" or "Statute") when it instituted a monthly schedule for rotating certain bargaining unit members at a VA hospital into the position of Acting Associate Chief of Nursing Service for Education ("Acting ACNSE") without first affording the Union an opportunity to negotiate concerning the impact and implementation of the change.

The Authority held that an employer is not required under the FSLMRS to bargain over the filling of a supervisory position, since it does not concern a condition of employment of bargaining unit members. We have no quarrel with this principle, for it is clear that the Statute imposes no duty on an employer to bargain over the selection, assignment or tenure of supervisors.

The problem in this case, however, is that the Authority merely *assumed* that the Acting ACNSE is a supervisory position, even though the record indicates that a nurse who is temporarily assigned to the Acting ACNSE job does not perform all of the duties regularly assigned to the Associate Chief of Nursing Service for Education ("ACNSE"). It is unclear, therefore, whether the Acting ACNSE is indeed a supervisor under the Statute. Accordingly, we grant AFGE's petition for review and remand this case to the Authority for further consideration.

## I. BACKGROUND

The AFGE is the exclusive bargaining representative for a nationwide unit of professional nurses at the VA, including professional registered nurses at the Veterans Administration Medical Center in Lyons, New Jersey. Bargaining unit employees at the Lyons Medical Center include nursing instructors who are supervised by an ACNSE. The ACNSE is "[a] professional nurse who is responsible for directing a Nursing Education program, coordinating affiliation with schools of nursing and establishing and maintaining collaborative relationships." Joint Appendix ("J.A.") 20. As a supervisor, the ACNSE "[d]irects, counsels, and evaluates [the] performance of nursing instructors, and appropriate others." J.A. 21.

Over the past few years, the VA has used various arrangements pursuant to which one of the nursing instructors would serve as Acting ACNSE in the absence of the ACNSE. In September 1984, the VA implemented a new procedure whereby all of the nursing instructors at the Lyons Medical Center were scheduled to serve as Acting ACNSE on a rotating monthly basis. Under this new arrangement,

> [t]he duties and responsibilities of the Acting ACNSE were to include "attending meetings, responding to and assisting faculty from respective schools, writing memos or other correspondence, if

necessary, providing guidance and/or assistance to other instructors, if necessary, and checking incoming mail". *The Acting ACNSE [was] expected to perform only these duties and not all of the duties listed in the ACNSE position description.*

*Veterans Admin. & Veterans Admin. Medical Center, Lyons, N.J. and American Fed'n of Gov't Employees, Local 1012,* 24 F.L.R.A. 507, 508–09 (1985) (opinion of Administrative Law Judge ("ALJ")) (emphasis added). Following the implementation of this new procedure, AFGE filed an unfair labor practice charge, claiming that the VA had violated sections 7116(a)(1) and (5) of the Statute, 5 U.S.C. § 7116(a)(1), (5) (1982), by refusing to bargain with the Union over the impact of the procedure for selecting an Acting ACNSE.

In considering the unfair labor practice charge, the ALJ observed that "[t]he Acting ACNSE position provides the opportunity for a nursing instructor to gain experience in a management position." 24 F.L.R.A. at 509. However, there is nothing in the record, or in the findings of the ALJ, to indicate that the job of Acting ACNSE included supervisory responsibilities. Indeed, the ALJ specifically found that persons assigned to the Acting ACNSE position did *not* perform any of the routine supervisory work of an ACNSE, such as directing, counseling and evaluating the performance of nursing instructors, or otherwise directing the nursing education program. Rather, the ALJ, and the Authority in adopting the ALJ's findings, conclusions and recommended Order,[1] appeared to assume that an Acting ACNSE is a supervisor because a nursing instructor is assigned to serve in this capacity only in the absence of the ACNSE.

Since it is well established that "a proposal concerning the filling of supervisory positions, including temporary appointments, is negotiable only at the election of the agency," *National Labor Relations Board Union, Local 21 and National La-*

---

1. *Veterans Admin. & Veterans Admin. Medical Center, Lyons, N.J. and American Fed'n of Gov't Employees, Local 1012,* 24 F.L.R.A. 505 (1986).

*bor Relations Board,* 15 F.L.R.A. 798, 798 (1984), the ALJ and the Authority concluded that the procedures for filling the Acting ACNSE position did not concern a condition of employment of bargaining unit employees under the Statute. Accordingly, the ALJ ruled, and the Authority affirmed, that "a unilateral change in such procedures does not constitute a violation of section 7116(a)(1) or (5) of the Statute." 24 F.L.R.A. at 511.

## II. ANALYSIS

Under the FSLMRS, an agency employer is under no duty to bargain over the selection, assignment or tenure of supervisors. The rationale for this rule is that

[t]he duty to bargain under the Statute extends only to the conditions of employment of *bargaining unit* employees. In this regard, supervisors are specifically excluded from inclusion in collective bargaining units.

*International Ass'n of Fire Fighters, Local F–61 and Philadelphia Naval Shipyard,* 3 F.L.R.A. 438, 445 (1980) (emphasis in original; footnotes omitted); *see Antilles Consol. Educ. Ass'n and Antilles Consol. School Sys.,* 22 F.L.R.A. 235, 236–37 (1986) (one of two factors in determining whether a matter involves a condition of employment is whether it pertains to bargaining unit employees or "is principally focused on nonbargaining unit positions").

■ The Union contends that, although the procedures for the selection of supervisors may not be subject to bargaining, an employer nonetheless should be required to negotiate over their *effects* on bargaining unit employees. We can find no support for such a proposition. Since every decision regarding the employment of a supervisor will have an impact on bargaining unit employees, an employer invariably would be required to bargain over most matters concerning the selection, assignment and tenure of supervisors. The exception would then swallow the rule.[2] Accordingly, we agree with the FLRA that

the governing principle in this case is clear: a proposal concerning the filling of supervisory positions, including temporary appointments, is negotiable only at the election of the agency.

■ The real issue in this case relates not to the search for the controlling legal principle, but rather to its application. The decision of the Authority is founded on the premise that the Acting ACNSE position includes significant supervisory responsibilities. But there are no findings to support the premise; indeed, as noted in the Background section of this opinion, the ALJ's decision suggests that the Acting ACNSE position is supervisory in title only.

Under the Statute, a "supervisor" is an individual employed by an agency having authority in the interest of the agency to hire, direct, assign, promote, reward, transfer, furlough, layoff, recall, suspend, discipline, or remove employees, to adjust their grievances, or to effectively recommend such action, if the exercise of the authority is not merely routine or clerical in nature but requires the consistent exercise of independent judgment. . . .

5 U.S.C. § 7103(a)(10) (1982). This definition includes a critical proviso that, in bargaining units covering nurses, " 'supervisor' includes only those individuals who devote a preponderance of their employment time to exercising such authority." *Id.*

In the instant case, the ALJ did *not* find that an Acting ACNSE devoted a preponderance of her time to exercising supervisory functions, and he positively stated that the Acting ACNSE had *no authority* to perform "all of the duties listed in the ACNSE position description." 24 F.L.R.A. at 509. In describing the job functions of the Acting ACNSE, the ALJ listed "attending meetings," "responding to and assisting faculty from respective schools," "writing memos or other correspondence," "providing guidance and/or assistance to other

---

**2.** A difficult issue might arise if a bargaining unit employee was *compelled,* pursuant to a threat of discipline, to accept a supervisory position over her objection. We need not consider this question, however, because it is not posed in this case.

instructors," and "checking incoming mail." *Id.* at 508–09. This description, on its face, appears to fall far short of the Statute's definition of a supervisor. If this is the entire job of the Acting ACNSE, then it may be that, despite the exalted job title, the employee assigned to the position continues to devote a preponderance of her employment to *non*supervisory work.

The dispositive issue in this case is whether the Acting ACNSE is a supervisor in more than just name. Unfortunately, we have no findings from the Authority on this point. In fact, because the Union focused on its suggested "effects" test, it does not appear that the matter was even litigated before the ALJ.

We might normally hold that, because the AFGE never asserted that the Acting ACNSE is not a supervisor, the issue was waived. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1984 (D.C.Cir. 1984) (court generally will not entertain issues not asserted below). In this case, however, the Authority relied on the implicit premise that the procedure for selecting the Acting ACNSE was not bargainable *because the Acting ACNSE was a supervisor under the Statute.* Therefore, the Authority's judgment must rise or fall with the accuracy of the critical underlying premise. Because we can find no record support for the premise, we must remand this case to the Authority for further consideration.[3]

*So ordered.*

---

**3.** On remand, depending upon the findings reached, a number of conclusions are possible. If the Acting ACNSE job is in fact "supervisory," as that term is defined under the Statute, then the unfair labor practice charge will fail. If, however, the job is predominantly *non*supervisory, then the Authority presumably must determine whether the position principally covers bargaining unit work and, if so, whether the agency violated the Statute by refusing to bargain over changes in the procedure for the selection of employees to fill the position.